Case 12-01497 Doc 9 Filed 11/20/12 Entered 11/21/12 12:01:01 Desc Main Document Page 1 of 3

12-01497:7.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 11/14/2012 2:02:47 PM by:Deadra Woods Stokes Page 1 of 3

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) Case No.: 12-07314 |
| JAMILLA JOHNSON-BROOKS, | ) |
| Debtor. | ) JUDGE: Jack B. Schmetterer |
| | ) |
| JAMILLA JOHNSON-BROOKS, | ) |
| Plaintiff | ) ADV. NO. 12-01497 |
| v. | ) |
| | ) JUDGE: Jack B. Schmetterer |
| JPMorgan Chase Bank, NA, | ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against JPMorgan Chase Bank, NA, (hereinafter, "Chase") the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiff filed a petition for relief under Chapter 13 of the United States Code (the "Bankruptcy Code") on February 28, 2012.

2. Defendant Chase holds a first mortgage lien on the real property commonly known as 14736 Dobson Avenue, Dolton, IL 60419 (hereinafter the "Subject Real Estate"), PIN: 29-11-119-034-0000.

3. Subject Real Estate is not Plaintiff's primary residence.

4. Plaintiff obtained an appraisal of the Subject Real Estate on December 17, 2011, indicating the value of the Subject Real Estate to be $25,000.00.

Case 12-01497    Doc 9    Filed 11/20/12    Entered 11/21/12 12:01:01    Desc Main
Document    Page 2 of 3

12-01497:7.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 11/14/2012 2:02:47 PM by:Deadra Woods Stokes Page 2 of 3

5.  Plaintiff's Chapter 13 Plan provides that the Defendant shall receive $474.65 per month for 60 months.

6.  On October 2, 2012, Plaintiff issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on the Subject Real Estate.

7.  That on October 2, 2012, a copy of the summons and complaint was serviced in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure.

8.  That Defendant has not filed an answer or otherwise plead in response to Plaintiff's complaint.

9.  This Court has jurisdiction under 28 U.S.C. 1334.

10. This is a core proceeding pursuant to 28 U.S. C. § 157(b)(2)(K).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

12. Plaintiff has scheduled Defendant's secured claim at $82,000.00. No proof of claim has been filed.

13. The fair market value of the Subject Real Estate is $25,000.00.

14. Section 1322(b)(2), subject to subsections (a) and (c) of § 1322, permits the modification of rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. 11 U.S.C. 1322(b)(2). See *In re* Plourde, 402 B.R. 488, 2009 BNH 7 (Bankr. N.H. 2009); *In re* Kheng, 202 B.R. 538 (Bankr. D.R.I. 1996); Brown v. Shorewood Fin. Inc. (*In re* Brown), 175 B.R. 129, 133 (Bankr. D. Mass. 1994); *In re* Murphy, 175 B.R. 134, 137 (Bankr. D. Mass. 1994); *In re* McGregor, 172 B.R. 718 (Bankr. D. Mass. 1994); and *In re* Legowski, 167 B.R. 711 (Bankr. D. Mass. 1994).

2

Case 12-01497    Doc 9    Filed 11/20/12    Entered 11/21/12 12:01:01    Desc Main
Document      Page 3 of 3

12-01497:7.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 11/14/2012 2:02:47 PM by:Deadra Woods Stokes Page 3 of 3

15. Any alteration of the note's original terms will require a debtor to pay the secured claim in full during the life of the plan. McGregor, 172 B.R. at 721. The alternative to paying on the secured portion of a bifurcated claim beyond the life of the plan is allowed only if the debtor cures any default during the life of the plan and continues to make payments at the contractual rate specified in the mortgage note. See *In re* Bulford, (Bankr. Mass. 2012); JPMorgan Chase v. Galaske and Sensenich (*In re* Galaske), (Bankr. Vt. 2012); *In re* Valdes, No. 09–26712–BKC–AJC, 2010 WL 3956814, at *4 (Bankr. S.D. Fla. Oct.4, 2010). Plaintiff's Plan filed on October 2, 2012, Docket No. 58, proposes to pay Defendant $28,478.97 over the life of the Plan which is in compliance with both Sections 1322(d) and 1322(b)(5). See *In re* Hayes, 444 B.R. 538 (Bankr. M.D. N.C. Jan.24, 2011).

WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of Plaintiff and against Defendant Chase valuing the mortgage at $25,000.00 against Plaintiff's real estate located at 14736 Dobson Avenue, Dolton, IL 60419.

Dated: 11/20/12

Deadra Woods Stokes #6231406
Deadra Woods Stokes & Associates, PC
4747 West Lincoln Mall Drive
Suite 410
Matteson, IL 60443
708-283-5900

ENTERED:

U.S. Bankruptcy Judge

NOV 20 2012